IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| YUN Y. MEI, | ) | |
| --- | --- | --- |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 05 C 5693 |
| JO ANNE B. BARNHART, Commissioner of Social Security | ) ) ) | Judge Virginia M. Kendall |
| Defendant. | ) ) ) | |

MEMORANDUM OPINION AND ORDER

Yun Y. Mei, ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") counting her pension as "income" and not a "resource." If the pension is income, it must offset her Supplemental Security Income ("SSI") benefit. The parties have cross-moved for summary judgment based on the administrative record. Because there is substantial evidence to support the Commissioner's decision that Plaintiff's pension is income when withdrawn every six months, and not a resource, this Court affirms.

Yun Mei became a United States citizen on June 30, 1999 and, because of her age, began receiving a SSI benefit. (R. 43). Yun Mei also receives a $102.15 monthly pension from the Chinese government. Because of Chinese currency restrictions, Yun Mei is only able to withdraw her pension funds and convert them to U.S. dollars every six months. (R. 8, 132-33). The Social Security Administration ("SSA") reduced Yun Mei's benefits by $82.15 monthly due to her receipt of the pension from the Chinese government. (R. 14, 20). Plaintiff's request for reconsideration of this decision was denied, (R. 21-23) and an administrative law judge ("ALJ") upheld the benefit

determination. (R. 13-15). The Appeals Council granted Plaintiff's request for review, and modified the ALJ's decision to find that the pension was income when withdrawn from the Chinese account, once every six months, not monthly when it was deposited. (R. 7-8). The Appeals Council decision is the Commissioner's final decision. 20 C.F.R. § 416.1481.

This Court will affirm the Commissioner's decision when it is supported by substantial evidence in the record. *See Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000). Substantial evidence is such relevant evidence as a reasonable mind would accept as adequate to support a conclusion. *See Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). The Court reviews the Commissioner's decision de novo to determine whether it is free from reversible legal error. *See Sample v. Shalala*, 999 F.2d 1138, 1144 (7th Cir. 1993).

A pension generally is considered unearned income, 20 C.F.R. § 416.1121(a), and would be offset against any SSI benefit. C.F.R. § 416.1123; Program Operating Manual System ("POMS"), Supplemental Security Income ("SI") 00830.010.[1] Plaintiff, however, argues that because her pension is not available to her on a monthly basis, it should be treated as a resource, not income, and thus not offset against her SSI benefit. A resource is cash, other liquid assets or any real or personal property that an individual owns and could convert to cash to be used for the individual's support and maintenance. 20 C.F.R. § 416.1201(a).

Plaintiff's position is that the funds in her account in China are an asset owned by her and their withdrawal does not constitute income. In other words, she alleges that the SSA's failure to recognize the pension as income in the month that the funds are deposited renders them a resource

---

[1] "The POMS is the single authorized means for issuing official written program policy and operating instructions in SSA . . ." POMS AO 10020.010A. The POMS is available at http://policy.ssa.gov/poms.nsf/poms?

2

rather than income. If the deposits made to Plaintiff's account were in dollars rather than a foreign currency, she may be correct. *See* POMS SI 01120.005C2 (providing an example of income being converted to a resource). However, for the benefit of recipients, the SSA treats foreign currency payments differently. A foreign currency payment is counted as income when it may be converted to U.S. dollars for use by the individual. *See* POMS SI 00830.105B2. Thus, the Commissioner properly counted Plaintiff's monthly Chinese pension as unearned income every six months. Accordingly, this Court affirms the decision of the Commissioner.

So ordered.

                                                          _____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Dated: March 30, 2006